IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

SWALES & ASSOCIATES, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Court No. 07-253
(Senior Judge Smith)

**CONSENT MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, defendant respectfully requests this Court to enter the accompanying proposed protective order prohibiting the disclosure of confidential source selection matters, sensitive plans or specifications, and other proprietary information in accordance with the terms and conditions set forth in the proposed protective order. Defendant's counsel has contacted counsel for plaintiff and counsel for the intervenor and both consent to this motion.

This case involves procurement matters and includes proprietary and confidential information, source selection information, and other sensitive procurement information. Thus, in the event that any party to this action finds it necessary to file protected materials with this Court, we request that all filings that disclose protected materials be under seal in this case.

For the foregoing reasons, defendant respectfully requests that this Court issue the attached proposed protective order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

/s/ Scott D. Austin
SCOTT D. AUSTIN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
ATTN: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0317
Facsimile: (202) 305-7643

Electronically filed,
April 27, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 27h day of April 2007, a copy of the foregoing "CONSENT MOTION FOR A PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Scott D. Austin
SCOTT D. AUSTIN

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | |
|---|---|
| SWALES & ASSOCIATES, Inc.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 07-253<br>(Senior Judge Smith) |

**PROTECTIVE ORDER**

The parties have determined that certain information that may necessarily be disclosed orally or in writing during this action may be competition sensitive (*e.g.*, source selection information), proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. "Protected information" as used herein means:

(a) Information, the protection of which is necessary to safeguard the competition process, including source selection information, and proprietary or confidential information contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party (See paragraph 3);

(b) Information, the protection of which is necessary to safeguard the competitive process, including source selection information, and any proprietary or confidential information contained in any deposition, testimony, or affidavit taken

or provided during this litigation, that is designated as protected by a party (See paragraph 3);

(c) Notwithstanding the provisions of paragraphs (1)(a) and (1)(b) above, this Order shall not be deemed to restrict the ability of counsel for plaintiff to disclose to any personnel of Swales & Associates, Inc. ("Swales"), or any of its teammates (to the extent necessary), documents or information from the protected Record if such counsel has a reasonable basis to believe that the materials at issue reflect competition-sensitive documents or information belonging to Swales that were/was possessed or used in any way by Nicholas M. Galassi. Information revealed to Swales under this provision will be considered to be a party-specific release and cannot be disclosed outside the Protective Order (except as described herein) until the parties have agreed to redacted versions of documents under the terms of paragraph 4 of this Order. This paragraph 1(c) does not permit counsel for plaintiff to disclose the text of defendant-intervenor's proposal to Swales' personnel. However, the information related to the "procurement integrity" issue raised in Counts I and II of plaintiff's Complaint will principally involve Swales' proprietary information that plaintiff alleges was misappropriated by defendant-intervenor and Mr. Galassi; in order to rebut assertions and arguments made during the course of this litigation, plaintiff's counsel must have the ability to discuss the specific documents and information (which counsel believes belong to Swales) with personnel of plaintiff immediately. Thus, the provisions of

paragraph 4 below related to redaction do not apply to documents or information covered by this paragraph 1(c).

2. Protected information shall be used by private parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 2(c), (d), and (e), the only persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the Court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the Court. Such person shall not be given access unless and until the Court authorizes such access.

(c) Legal, paralegal, clerical and administrative support personnel assisting any counsel-of-record who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d) Court, procuring agency and Department of Justice personnel, counsel-of-record for plaintiff and defendant-intervenor are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

3. Protected information of any kind may be provided only to the Court and to individuals authorized by this Protective Order, and must be in a sealed parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order**

The party claiming protection must identify the specific portion of the information for which it is claiming protection.

(b) Any courtesy copies of protected information that are filed with the Court for use by the judge should be marked as such.

(c) The Court will maintain properly marked protected pleadings or information under seal.

4. A party that files a pleading in accordance with paragraph 3 hereof shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page.

(a) Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy – May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the Court or of any document produced or generated in discovery whether or not filed with the Court and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel

for the objecting party may submit the matter to the Court for resolution. Until the Court resolves this matter, the disputed information shall be treated as protected.

6. Without the consent of the other parties, no private party may make more than five (5) copies of any document containing protected information received from another party. Private parties may make additional copies for filing with the Court, service on the parties or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 3 of this Protective Order.

7. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information. Specifically, any protective precautions previously agreed to by any party permitted to access protected materials under the Government Accountability Office's protective order concerning the R&D Dynamics bid protest will continue to be undertaken. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

8. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, Counsel for each party may retain one copy of the unredacted pleadings.

9. Any party whose information has been designated as protected may at any time

waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

10. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

11. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

12. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, plaintiff's, and defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

______________________________
Senior Judge Loren A. Smith

Dated: April ___, 2007