IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | | |
|---|---|---|
| SWALES & ASSOCIATES, INC., Plaintiff, | ) | |
| v. | ) | Court No. (Senior Judge Smith) |
| UNITED STATES OF AMERICA, Defendant, | ) | |
| and | ) | |
| SGT, INC., Defendant-Intervenor. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests this Court to grant us leave to supplement our opposition to plaintiff's request for a temporary restraining order ("defendant's opposition") with the attached May 1, 2007 costs decision of the Government Accountability Office ("GAO") in connection with the bid protest of this matter previously pending before the GAO. Defendant's opposition was timely filed on April 30, 2007, prior to the issuance of GAO's decision, so we were unable to address the decision in our opposition. Although the May 1 GAO decision was issued under a Protective Order, which does not allow for public distribution, we were able to arrange for the GAO to promptly issue a decision available for public distribution.

The GAO decision is directly relevant to one of the issues pending before this Court for consideration at the May 3 hearing concerning Swales' request for a temporary restraining order: whether Swales has satisfied its burden of demonstrating that it is likely to succeed on the merits of its "”Limitations On Subcontracting" claim.

Swales' GAO protest consisted of three separate bid protest filings, on December 12, 2006, December 15, 2006, and January 8, 2007. Swales' current "Limitations On Subcontracting" claim was raised in its first (December 12) GAO protest. Decision at 2. The National Aeronautics and Space Administration ("NASA") Goodard Space Flight Center ("GSFC") filed our Agency Report addressing the first two bid protests, which included GSFC's response to the "Limitations On Subcontracting" claim, on January 12, 2007. On January 19, 2007, prior to the due date for GSFC's filing of our Agency Report addressing the third bid protest, GSFC decided to take corrective action with respect to the <u>third</u> protest. The third protest was completely unrelated to Swales' "Limitations On Subcontracting" claim.[1]

Swales sought costs on the theory that GSFC unduly delayed its decision to take corrective action. Decision at 4. Since the corrective action related to the third protest was taken before the due date for filing GSFC's Agency Report for that protest, the GAO concluded GSFC's action was prompt with respect to that protest and denied costs related to the third protest on that basis.

With respect to the first two protests – which included Swales' "Limitations On Subcontracting" claim – the GAO first noted that, since GSFC filed an Agency Report

---

[1] As we noted in defendant's opposition, Swales did not (and could not) include its Procurement Integrity Act ("PIA") claim as part of its GAO bid protest. Defendant Opposition at 6-7.

addressing these protests, the legal question for consideration of Swales' entitlement to costs was whether Swales' first two bid protests were "clearly meritorious." The GAO concluded that the first two bid protests – including the "Limitations On Subcontracting" claim – were not "clearly meritorious":

> Here, the agency had submitted its report in response to the first two protests, and although we not yet received the protester's comments on this report, *we had reviewed the extensive record provided by the agency and found no basis to believe that any of the grounds asserted in the protests were "clearly" meritorious.*

Decision at 4 (emphasis added).

GAO's decision is directly relevant to our argument that "Swales Is Unlikely To Prevail On Its 'Limitations On Contracting' Claim." Defendant's Opposition at 22-24. As we demonstrated, a plaintiff is not entitled to the extraordinary remedy of injunctive relief, including a temporary restraining order, if it cannot demonstrate a likelihood of success on the merits. Defendant Opposition at 14; Nat'l Steel Car, Ltd. v. Canadian Pacific Ry., Ltd., 357 F.3d 1319, 1325 (Fed. Cir. 2004); see Amazon.com, Inc. v. Barnesandnoble.com,, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001). GAO's conclusion, after review of the full record existing in this case, that Swales' "Limitations On Subcontracting" claim is not "clearly meritorious," strongly supports our argument that Swales has not demonstrated that it is likely to prevail on the merits of its "Limitations On Subcontracting" claim.

For the foregoing reasons, we respectfully request that the Court grant our motion for leave to supplement defendant's opposition with the attached GAO decision.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

/s/ Scott D. Austin
SCOTT D. AUSTIN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
ATTN: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0317
Facsimile: (202) 305-7643

Electronically filed,
May 2, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of May 2007, a copy of the foregoing "Defendant's motion for leave to supplement defendant's opposition to plaintiff's request for a temporary restraining order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Scott D. Austin
SCOTT D. AUSTIN